_____

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
| | CIVIL MINUTES – GENERAL | |

Case No.: 8:24-cv-00890-FWS-JDE                                                                  Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION TO REMAND [15] AND REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

    Before the court is Plaintiff Cynthia Padock's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 15.) Defendants Amazon.com, Inc. ("Amazon"), Prime Now, LLC ("Prime Now"), and Whole Foods Market California, Inc. ("Whole Foods") (collectively, "Defendants") oppose the Motion ("Opposition" or "Opp."). (Dkt. 24.) Plaintiff also filed a Reply in support of the Motion ("Reply"). (Dkt. 25.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for July 11, 2024, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **REMANDS** this case to Orange County Superior Court.

**I.     Background**

    Plaintiff "physically worked at [a] Whole Foods Market" location in Laguna Niguel, California, "shop[ping] the store for various items, [and] fulfilling pre-designated orders" customers made through Amazon and Prime Now. (Dkt. 1-2 (Complaint, "Compl.") ¶ 8; *see* Dkt. 24-1 (Declaration of Jennifer Sorace, "Sorace Decl.") ¶ 7, Ex. A (Plaintiff's Job Description).) "For instance, if someone had a shopping list of 30 items – [Plaintiff] would

---

| **CIVIL MINUTES – GENERAL** | 1 |
|:---:|---:|

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-00890-FWS-JDE                                     Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

shop for those 30 items, bag them, and prepare them for either pick up or delivery." (Compl. ¶ 8.) After her employment was terminated, Plaintiff filed this case in Orange County Superior Court, asserting claims including wrongful discharge, disability discrimination, and retaliation against Amazon, Prime Now, and Whole Foods. (*See generally* Compl.)

Amazon and Prime Now removed the case to this court, arguing that complete diversity exists because: (1) Plaintiff is a resident of California; (2) Amazon and Prime Now are citizens of Delaware and Washington; and (3) Whole Foods was fraudulently joined such that its California citizenship should be disregarded. (Dkt. 1 ¶¶ 11-29.) Plaintiff argues in the Motion that Whole Foods was not fraudulently joined and thus the court lacks subject matter jurisdiction over this action. (*See generally* Mot.) The crux of the parties' dispute is whether Plaintiff could possibly state a claim against Whole Foods—a party that destroys otherwise complete diversity—as an employer. (*See generally* Mot.; Opp.)

## II.    Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00890-FWS-JDE                                                                          Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

---

997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. Discussion

Plaintiff argues that this case should be remanded because the parties are not completely diverse as 28 U.S.C. Section 1332 requires. (Mot. at 4.) The parties agree that Plaintiff and Whole Foods are citizens of California, Amazon and Prime Now are citizens of Delaware and Washington, and the amount in controversy exceeds $75,000. (*See* Mot. at 4; Opp. at 10.) They dispute only whether Whole Foods' citizenship can be disregarded under the doctrine of fraudulent joinder. (*See id.*) In sum, the court's subject matter jurisdiction depends upon whether Whole Foods was fraudulently joined, which in turn depends on whether Plaintiff

---

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-00890-FWS-JDE | Date: July 2, 2024 |
| Title: Cynthia Padock v. Amazon.com, Inc., *et al.* | |

could possibly state a claim against Whole Foods as an employer.  (*See* Mot. at 14-15; Opp. at 2.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted).  Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

Defendants argue Whole Foods was fraudulently joined under the second theory, contending that Plaintiff cannot establish a cause of action against Whole Foods because "Plaintiff's own allegations in the Complaint make clear that Whole Foods did not employ her," and "[t]o the extent that Plaintiff specifically references Whole Foods in the Complaint, those allegations show that she did not work for Whole Foods and knew that she did not."  (Opp. at 11-16; *see* Dkt. 1 ¶¶ 18-29); *see Hunter*, 582 F.3d at 1044.  In response, Plaintiff maintains

_____

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

___

Case No.: 8:24-cv-00890-FWS-JDE                                         Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

___

Whole Foods may be liable under three theories: (1) ostensible agency liability, (2) joint employer liability, and (3) integrated enterprise liability (single employer liability). (Mot. at 6 (citing Compl. ¶¶ 6-7); Reply at 3.)

      The court finds Amazon has not met its heavy burden of demonstrating by clear and convincing evidence that Whole Foods was fraudulently joined. The parties agree that Plaintiff may only assert employment-related claims against entities that served as her "employer." But "[t]he question whether an entity functions as an employer typically involves a 'careful factual inquiry.'" *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 125 (2004). For example, regarding Plaintiff's argument that Defendants form an integrated enterprise, courts consider four factors in determining "whether two corporations should be considered a single employer": (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 738 (1998). Common ownership or control alone is never enough to establish parent liability, and courts often deem centralized control of labor relations the most important factor. *Id.* Similarly, regarding Plaintiff's argument that Whole Foods may be liable as a joint employer, courts consider the "totality of circumstances that reflect upon the nature of the work relationship of the parties," with the most important factor being "the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed" on a day-to-day level. *Gebran v. Wells Fargo Bank, N.A.*, 2016 WL 7471292, at *8 (C.D. Cal. Dec. 28, 2016) (cleaned up).

      Given the factual issues involved in determining who may properly be considered an employer, "district courts generally have not found the question of employer status suitable for resolution in the fraudulent joinder context." *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *4 (C.D. Cal. Jan. 16, 2024) (collecting cases); *see Maggiulli v. Wells Fargo & Co.*, 2018 WL 2021435, at *3 (C.D. Cal. Apr. 26, 2018) (remanding and recognizing concern with finding no possibility of recovery against a possible employer "before discovery has commenced in this lawsuit"); *cf. Overrated Prods., Inc. v. Universal Music Grp.*, 2018 WL 1136881, at *3 (C.D. Cal. Mar. 1, 2018) ("Because alter ego is a factual determination encompassing a host of

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-00890-FWS-JDE | Date: July 2, 2024 |
| Title: Cynthia Padock v. Amazon.com, Inc., *et al.* | |

___

factors, the Court cannot summarily decide this issue without reaching the merits of Plaintiff's claims.  Moreover, Defendants rely on summary judgment decisions to support their arguments, but here, Plaintiff has not even had the benefit of discovery yet.  As such, Defendants' argument is one for the state court to decide.") (cleaned up). "Thus, even when a defendant presents some evidence that weighs against allegations of employer status, district courts have not concluded that the burden of showing fraudulent joinder has been met." *Id.*; *see also Bustamante v. Sleepmed Inc.*, 2022 WL 18358946, at *2 (C.D. Cal. Aug. 5, 2022) (noting that inquiry into what entity or entities may be considered the plaintiff's employer "is fact-specific and no one factor is dispositive") (citing *Vernon*, 116 Cal. App. 4th at 124-25 (noting that "[t]here is no magic formula for determining whether an organization is a joint employer" because a court "must analyze myriad facts surrounding the employment relationship" (cleaned up))); *Atneosen v. XPT, Inc.*, 2022 WL 1400847, at *7 (N.D. Cal. May 3, 2022) ("Defendants have not shown that Plaintiffs cannot prevail on their claims as to XPT, Inc. and/or NIO USA, Inc. as a matter of law. Accordingly, the court cannot find that either entity was fraudulently joined. The court lacks subject matter jurisdiction over this action and grants Plaintiffs' motion to remand.").

      This case presents the kinds of factual issues regarding who may be considered Plaintiff's employer, including under the integrated employer test, that make a finding of fraudulent joinder improper.  *See McBee*, 2024 WL 182282, at *4; *Maggiulli*, 2018 WL 2021435, at *3. Plaintiff offers evidence that she worked inside a Whole Foods store, shopped Whole Foods products using Whole Foods shopping carts, put the items she collected into Whole Foods bags with Whole Foods receipts, and received help performing her duties from employees and management wearing Whole Foods aprons or buttons.  (Dkt. 15-3 [Plaintiff's Declaration, "Pl. Decl."] ¶¶ 3-5.)  In addition, Plaintiff declares, "When I worked at Whole Foods, I asked my managers who I am working for – Whole Foods or Amazon.  They told me that they are all the same."  (*Id.* ¶ 7.)  Perhaps most compelling is Plaintiff's evidence that the human resources representative to whom she sent her employment-related complaints, Jennifer Sorace, had an email signature listed her title as "Reg. HR Business Partner | **WFMoA** - SoCal & PNW soracej@amazon.com GSF HR Resources | HR POC List."  (Pl. Decl. Ex. 1 (emphasis added);

___

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00890-FWS-JDE                                                              Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

_____

*see* Compl. ¶¶ 11-12, 27-29 (describing the complaints Plaintiff sent Sorace); Sorace Decl. ¶ 8 ("For Human Resources issues during her employment, Plaintiff could contact me as the Regional Human Resources Business Partner" or other human resources employees."). To determine whether Whole Foods could possibly be considered Plaintiff's employer, a court would have to weigh all of this evidence and consider how it applies to several factors. *See Laird*, 68 Cal. App. 4th at 738; *Gebran*, 2016 WL 7471292, at *8. The court finds that doing so in this case at this early stage without the benefit of discovery is inappropriate. *See McBee*, 2024 WL 182282, at *4; *Maggiulli*, 2018 WL 2021435, at *3; *Overrated Prods.*, 2018 WL 1136881, at *3.

      To be sure, Defendants have presented evidence that Whole Foods was not Plaintiff's employer, and have also presented argument that Plaintiff's agency, joint employer, and integrated enterprise theories are legally unworkable. (*See generally* Opp.) They also explain that Sorace's email signature merely "indicated that [she] assisted Prime Now employees who worked as shoppers at Whole Foods stores in Southern California," (Sorace Decl. ¶ 11.) In the end, it may be that Whole Foods is not liable as Plaintiff's employer. But courts remand cases even when the potential liability against the purportedly-fraudulently-joined-defendant, "while possible, is actually quite unlikely." *Waterman*, 2018 WL 287171, at *7. And the court finds that at this stage, Defendants have not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Whole Foods as her employer.[1] *See Grancare*, 889 F.3d at

---

[1] For example, many of Defendants' arguments focus on the fact that Plaintiff seeks to use agency and integrated enterprise theories to hold liable not the principal, but rather the subsidiary. (*See* Opp. at 8, 10-11.) But courts regularly remand cases in which the plaintiff seeks to hold a subsidiary liable as an employer. *See, e.g.*, *Bustamante*, 2022 WL 18358946, at *2 (remanding case in which the plaintiff contended both the parent company (BioSerenity) and the subsidiary (SleepMed California) could be liable under a joint-employer theory," when the plaintiff "produce[d] evidence that she worked at SleepMed California's location in Pasadena, California and scheduled appointments for patients who were treated by SleepMed California"); *Cohen v. Valeant Pharms. N. Am., LLC*, 2018 WL 3409212, at *2 (S.D. Cal. July 13, 2018)

_____

**CIVIL MINUTES – GENERAL**                                                                                                    7

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00890-FWS-JDE  Date: July 2, 2024
Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

___

549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); *McBee*, 2024 WL 182282, at *6 ("The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record. . . For that reason, courts routinely grant motions to remand even where, as here, a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.") (cleaned up); *Maggiulli*, 2018 WL 2021435, at *3; *Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018) ("The present pre-discovery evidentiary record does not mean all that much, as the question is not whether Plaintiff has already *proven* that WFB and WFC are an 'integrated enterprise,' but whether it is *possible* for Plaintiff to state a claim against WFC under that theory."); *Gebran*, 2016 WL 7471292, at *9 ("Plaintiff may still be able to amend her Complaint and offer evidence that WFC qualifies as a joint employer under the integrated enterprise test. Accordingly, the Court declines to find that Plaintiff fraudulently joined WFC."); *Scates v. FedEx Ground Package Sys., Inc.*, 2020 WL 5759121, at *5 (C.D. Cal. Sept. 25, 2020) (remanding despite determination that "Plaintiff fails to show that FedEx Corp. exercised control over her work activities" because "FedEx Ground has not met its burden of establishing that Plaintiff is

___

(granting motion to remand, explaining that "[w]hile Defendants have provided evidence that Plaintiff was technically employed by the parent company (VPNA) and not the subsidiary (SPI), they have not shown by clear and convincing evidence that Plaintiff would be unable to hold SPI liable as a joint employer as a matter of law, especially under the relevant 'totality of circumstances' and 'integrated enterprise' tests"); *Troisi v. Cannon Equip. Co.*, 2009 WL 249789, at *7 (C.D. Cal. Jan. 30, 2009) ("At this stage, the Court need not and should not resolve whether Plaintiff will ultimately prevail in its claims against Cannon West[, subsidiary of Cannon Eqipment]. The Court must only determine if there is at least a possibility of liability as[] to Cannon West. Based on the facts alleged in the complaint, the Court finds that there is.").

___

_____

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA    **JS-6**<br><br>**CIVIL MINUTES – GENERAL**</td></tr>
<tr><td>Case No.: 8:24-cv-00890-FWS-JDE<br>Title: Cynthia Padock v. Amazon.com, Inc., *et al.*</td><td>Date: July 2, 2024</td></tr>
</table>

incapable of amending her Complaint to state a valid claim against FedEx Corp. on a joint employer theory").

Based on the court's finding that Defendants have not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Whole Foods, the court concludes that Defendants have failed to meet their burden of showing that Whole Foods was fraudulently joined such that its citizenship should be disregarded for purposes of establishing diversity jurisdiction. Considering Whole Foods' citizenship means that the court lacks subject matter jurisdiction over this case and it must be remanded. *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Therefore, the Motion is **GRANTED** and this case is **REMANDED** to Orange County Superior Court.

Finally, Plaintiff asks the court to award her $11,050 in attorney fees under 28 U.S.C. § 1447(c). (Mot. at 12; Reply at 7.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

After reviewing the parties' arguments and the evidence presented, the Court exercises its discretion to decline awarding fees here. Defendants' argument that Whole Foods was fraudulently joined did not lack any objectively reasonable basis, nor was Defendants' asserted basis for removal clearly foreclosed by relevant caselaw. *See Martin*, 546 U.S. at 141; *Lussier*,

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00890-FWS-JDE  Date: July 2, 2024

Title: Cynthia Padock v. Amazon.com, Inc., *et al.*

_____

518 F.3d at 1065; *Waterman*, 2018 WL 287171, at *8 ("Given that removal in this action was at least colorable, Plaintiff's request for costs and attorneys' fees is **DENIED**.").  Accordingly, the court **DENIES** Plaintiff's request for attorney fees.

**IV.**     **Disposition**

    For the reasons stated above, the court **GRANTS** Plaintiff's Motion and **REMANDS** this action to Orange County Superior Court as case number 30-2024-01387272-CU-OE-NJC.

                                                   Initials of Deputy Clerk: mku